STATE OF MAINE                                    SUPERIOR COURT
PISCATAQUIS, SS.                                  Docket No. AP-99-8

DONALD L. GARBRECHT
LAW LIBRARY

JUN 23 2000

Niles McBreairty et al.,          )
                Plaintiffs        )
                                  )
                                  )
v.                                )     **ORDER ON APPEAL (Count 1)**
                                  )
                                  )
Town of Greenville,               )
                Defendant         )

Pending before the court is the plaintiffs' appeal, pursuant to M.R.Civ.P. 80B, of the defendant's denial of their application to eliminate a requirement that a portion of a subdivision road be paved. The plaintiffs' complaint sets out other claims for relief against the defendant. Those claims are subject to a separate scheduling order and are not addressed here.

In 1989, the plaintiffs sought approval from the Greenville Planning Board ("the board") for creation of a subdivision. The proposed plan expressly provided that the main road through the development would be "28' WIDE (INCLUDING SHOULDERS) AND PAVED 1,300' FROM LILY BAY ROAD." The plan also pictorially depicted a "typical roadway cross section," demonstrating the nature of the construction for both paved and gravel sections of road. In March 1989, the board made an endorsement on that written plan, that "the subdivision shown *by this plan* meets all the criteria set forth and *therefore* the subdivision is approved." (Emphasis added.) The minutes of the board's March meeting reflect that a board member moved to "accept plan *as filed*." (Emphasis added.) That motion was

1

RECEIVED & FILED

JUN 20 2000

PISCATAQUIS COUNTY
Clerk's Office

approved unanimously. No appeal was filed from the board's action. It thus became final. *See Crosby v. Town of Belgrade*, 562 A.2d 1228, 1230 (Me. 1989).

In 1991, the plaintiff appears to have applied for a modification of the 1989 plan. The proposed modification related only to the location of the lots and the road that provided access to the lots within the subdivision. The board approved that modification in 1991, although the resulting permit itself may not have been issued until 1993. *See* R.8. As far as the present record reveals, the application and proposed plan submitted in 1991 or 1993 provide no information about the nature of the road's surface: that material does not provide either a written or schematic description of the road, as is found in the 1989 application. Further, there is nothing in the present record to suggest that the plaintiffs otherwise raised an issue in 1991 or 1993 about the surface of the road.

In 1999, the plaintiffs submitted an application to further "modify" the subdivision plan, to eliminate the condition that a portion of the road be paved. Plaintiffs' counsel noted in a letter to the board that the 1989 application had included a proposal for pavement over a part of the road because of an "oversight" by the plaintiffs' engineers. At a November 1999 meeting, the board reviewed the application and concluded that the plaintiffs had "offered no new substantial evidence to the Board that convinced the Board that the paving condition should be removed from the approved subdivision." From this disposition, the plaintiffs filed a timely appeal.

The board's 1989 decision to approve the plaintiffs' subdivision application became final when none of the parties pursued an appeal.

2

Thus, the question presented here is whether the board erred, not in its 1989 decision approving the subdivision, but in its 1999 decision that declined to remove the requirement that part of the subdivision road be paved. The plaintiffs contend here that the paving requirement did not constitute a condition of the 1989 subdivision approval and that the board exceeded its powers in imposing such a requirement in 1989.

First, the court concludes that the board in fact approved the subdivision application which included, as one of its elements, a paving condition. It was the plaintiffs themselves who incorporated that paving component into their overall proposal. In two ways, the written plan clearly manifested the plaintiffs' evident intention to pave a portion of the road: the plan included a conspicuous written description of the location of the paved road, and the plan prominently included a schematic drawing of the construction of a paved roadway. *See* R.5. The board's notation on the plaintiffs' plan indicates its approval of "the subdivision shown *by this plan. . . .*" (Emphasis added.) Additionally, the minutes of the 1989 meeting reveal that the board accepted that proposal "*as filed.*" (Emphasis added.) The plaintiffs argue that they are not subject to this requirement because the board did not independently make it an express condition of the approval. However, the board's approved the plan in the form submitted by the plaintiffs. In rendering that approval, the board conditioned its order on the plaintiffs' compliance with all of the elements of that plan, including a partially paved road.

Further, the absence of any express reference to paving in the board's approval does not remove that requirement from the approved plan. Here, the board did not impose <u>any</u> express conditions of approval.

3

If the board's failure to make specific note of the paving requirement means that paving is not required, then the same can be said of any other component of the plaintiffs' plan, and the plan and board's approval are rendered meaningless.

*City of Portland v. Grace Baptist Church*, 552 A.2d 533 (Me. 1988) does not lead to a different conclusion. There, the city contended that the church exceeded the terms of the plan it had approved when the church cleared a wooded area that the city characterized as "screening." The Court found that the wooded area was not necessarily "screening." *Id.* at 535. Here, the pavement proposal was clear and unambiguous. Additionally, in *City of Portland*, the Law Court found that the plan itself did not clearly designate the location of areas designated for certain purposes. Here, however, the location of the paved road is expressly identified, and the plaintiff's own proposal provides detailed information about how that paved road would be constructed. Thus, the board's action here does not suffer from the lack of clarity noted by the Law Court in *City of Portland*.[1]

Thus, the court construes the 1989 subdivision approval as requiring the plaintiffs to comply with the plan as the plaintiffs themselves proposed it, in all respects. The board's approval was conditioned on the requirement, proposed by the plaintiffs, that a section of the road be

---

[1] The terms of the board's approval of the subdivision is not unlike Justice Hornby's prediction that, in light of the majority's opinion in *City of Portland*, "planning boards will in the future presumably make all elements of a site plan express conditions of their approval." 522 A.2d at 537 (Hornby, J., dissenting). In effect, the board did that here: it adopted all of the components of the plan as conditions of approval.

4

paved.[2]

Finally, because the board's 1989 action became final upon the absence of any appeal, the plaintiffs cannot now argue that the board was without authority to impose a paving requirement as a condition to subdivision approval.[3]

The entry will be:

Upon entry of a final judgment in this matter, on count 1 of the complaint the appeal is denied.


Dated:    June 14, 2000

_____
JUSTICE, SUPERIOR COURT


---

[2]The modification of the subdivision ·plan in 1991 or 1993 cannot be fairly treated as an elimination of the paving requirement.  It is true that the plaintiffs' application to reconfigure the subdivision did not include a paving requirement, and the board's endorsement of that proposal also did not include such a requirement.  However, the documents associated with the plaintiffs' application identified the nature of the changes they sought, and they made no mention of a proposal to eliminate the requirement of a paved road.  Further, nothing in this record suggests that this issue was ever brought to the board's attention.  Therefore, because the board appears not to have ever addressed the paving issue in connection with the proposed modification, the board's action at that time has no bearing on its previous decision to require paving.

[3]Even, however, if the plaintiffs were entitled to raise this issue now, their argument would be fatally weakened by the provision in the Subdivision Regulations for the Town of Greenville that authorized the board to include "such terms and conditions as it [the board] may deem advisable to satisfy the criteria contained in these regulations and in Title 30-A, M.R.S.A. § 4404, and to preserve the public's health, safety and general welfare."  *See* Subdivision Regulations for the Town of Greenville § 4(K)(2).  Some of the purposes the board is required to promote relate to environmental issues, erosion and traffic safety.  *Id.* at § 1.  Promotion of these purposes could clearly warrant a requirement that roads must be paved, as the plaintiffs originally proposed.

5